## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACYNTHIA FISHER, | CIVIL ACTION NO. |
| Plaintiff | SECTION: |
| vs | MAGISTRATE: |
| EQUIFAX, INC., and NAVY FEDERAL CREDIT UNION, | **JURY TRIAL DEMANDED** |
| Defendants. | |

_____

## COMPLAINT

NOW INTO COURT, Plaintiff, JACYNTHIA FISHER (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.    PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANTS' violations of the Fair Credit Reporting Act (hereinafter referred to as the "FCRA"), 15 U.S.C. § 1681, *et seq*.  DEFENDANTS do not maintain adequate investigation procedures and incorrectly report information on consumers' credit reports.

## JURISDICTION AND VENUE

2.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in the Western District of Louisiana.

**PARTIES**

4.      PLAINTIFF is a natural person residing in Leesville, Louisiana.

5.      PLAINTIFF is a "consumer" as defined in the FCRA at 15 U.S.C. § 1681(c).

6.      NAVY FEDERAL CREDIT UNION (hereinafter referred to as "NFCU") is a nationally chartered credit union with its corporate headquarters in Vienna, Virginia.

7.      EQUIFAX, INC. (hereinafter referred to as "EQUIFAX") is a corporation formed in Georgia, with its principal address located at 1550 Peachtree Street NE, Atlanta, Georgia, 30309.

8.      PLAINTIFF is informed and believes, and thereon alleges, that EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9.      PLAINTIFF is informed and believes, and thereon alleges, that NFCU is a "furnisher of information" as included in 15 U.S.C. § 1681s–2.

10.     NFCU inaccurately reported credit information to EQUIFAX.

11.     NFCU received notice of PLAINTIFF's dispute from EQUIFAX.

**STATEMENT OF FACTS**

12.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 11 inclusive, above.

13.     On or about August 13, 2014, PLAINTIFF's son entered into a credit agreement with NFCU.

14.     Sometime thereafter, without PLAINTIFF's knowledge or consent, PLAINTIFF's son added her as an authorized user on his credit account.

15.     Upon discovery of this fact, PLAINTIFF requested to her son that he remove her as an authorized user.

16.     PLAINTIFF never used this credit account.

17.     PLAINTIFF'S son became delinquent on the account.

18.     DEFENDANTS entered information on PLAINTIFF's credit report relating to this account.

19.     From October, 2016 through May, 2017, PLAINTIFF repeatedly disputed the NFCU tradeline to both DEFENDANTS.

20.     PLAINTIFF requested to EQUIFAX that it remove the tradeline as she did not consent to be an authorized user.

21.     PLAINTIFF requested to NFCU that they remove her as an authorized user on the account, due to the fact that this designation was made without her request or consent.

22.     On or about January 9, 2017, NFCU removed PLAINTIFF as an authorized user on the account and updated her credit file to reflect that her authorized user status had been terminated.

23.     Despite PLAINTIFF'S explanation that she should never have been an authorized user, DEFENDANTS refused to remove the tradeline in its entirety and continue to report her as an authorized user whose status has been terminated.

24.     As a result of DEFENDANT'S actions, PLAINTIFF has been unable to obtain credit and has suffered extreme embarrassment.

///

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FCRA 15 U.S.C. § 1681i(a)(1) and (a)(5)
### AGAINST EQUIFAX

25.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 24 inclusive, above.

26.     Upon notice of a dispute, a consumer reporting agency shall "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1).

27.     Pursuant to 15 U.S.C. § 1681i(a)(5), after notice of a dispute, if an item is found to be inaccurate, the CRA shall promptly delete the information (or modify as appropriate), and notify the Furnisher that the information has been modified or deleted.

28.     On or about August 13, 2014, PLAINTIFF's son entered into a credit agreement with NFCU.

29.     Sometime thereafter, without PLAINTIFF's knowledge or consent, PLAINTIFF's son added her as an authorized user on his credit account.

30.     Upon discovery of this fact, PLAINTIFF requested to her son that he remove her as authorized user.

31.     PLAINTIFF never used this credit account.

32.     PLAINTIFF'S son's account fell into delinquency.

33.     DEFENDANTS entered information on PLAINTIFF's credit report relating to this account.

34.     From October, 2016 through May, 2017, PLAINTIFF repeatedly disputed the NFCU tradeline to both DEFENDANTS.

35.     PLAINTIFF requested to EQUIFAX that it remove the tradeline as she did not consent to be an authorized user.

36.     PLAINTIFF requested to NFCU that they remove her as an authorized user on the account, due to the fact that this designation was made without her request or consent.

37.     On or about January 9, 2017, NFCU removed PLAINTIFF as an authorized user on the account and updated her credit file to reflect that her authorized user status had been terminated.

38.     Despite PLAINTIFF'S explanation that she should never have been an authorized user, DEFENDANTS refused to remove the tradeline in its entirety and continue to report her as an authorized user whose status has been terminated.

39.     After PLAINTIFF notified EQUIFAX that she never consented to be an authorized user, EQUIFAX continued to report this inaccurate and damaging information.

40.     As a result of DEFENDANT'S actions, PLAINTIFF has been unable to obtain credit and suffered extreme embarrassment.

41.     Upon information and belief, EQUIFAX's reinvestigation was not reasonable.

42.     Because their reinvestigation was not reasonable, EQUIFAX violated 15 U.S.C. § 1681i(a)(1).

43.     Because it did not delete the tradeline after being informed that it was premised on false information, EQUIFAX violated 15 U.S.C. § 1681i(5).

44.     As a result of the willful FCRA violations by EQUIFAX, PLAINTIFF is entitled to an award of statutory damages.

45.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

46.     PLAINTIFF suffered the concrete injury of not receiving a reasonable reinvestigation, and therefore has standing for the purposes of Article III.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FCRA 15 U.S.C. § 1681s-2(b)
### AGAINST NFCU

47.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 46 inclusive, above.

48.     Pursuant to 15 U.S.C. § 1681s-2(b), after receiving notice from the consumer reporting agency that the consumer has disputed the information pursuant to 15 U.S.C. § 1681i(a)(2), the Furnisher shall conduct an investigation regarding the information, and delete the information if it is found to be inaccurate.

49.     On or about August 13, 2014, PLAINTIFF's son entered into a credit agreement with NFCU.

50.     Sometime thereafter, without PLAINTIFF's knowledge or consent, PLAINTIFF's son added her as an authorized user on his credit account.

51.     Upon discovery of this fact, PLAINTIFF requested to her son that he remove her as authorized user.

52.     PLAINTIFF never used this credit account.

53.     PLAINTIFF'S son's account fell into delinquency.

54.     DEFENDANTS entered information on PLAINTIFF's credit report relating to this account.

55.     From October, 2016 through May, 2017, PLAINTIFF repeatedly disputed the NFCU tradeline to both DEFENDANTS, and requested to NFCU that they remove her as an

authorized user on the account, due to the fact that this designation was made without her request or consent.

56.     Upon information and belief, NFCU received notice of the dispute from EQUIFAX in addition to PLAINTIFF.

57.     On or about January 9, 2017, NFCU removed PLAINTIFF as authorized user on the account and updated her credit file to reflect that her authorized user status had been terminated.

58.     Despite PLAINTIFF'S explanation that she should never have been an authorized user, NFCU refused to remove the tradeline in its entirety and continues to report her as an authorized user whose status has been terminated.

59.     As a result of DEFENDANT'S actions, PLAINTIFF has been unable to obtain credit and suffered significant embarassment.

60.     By ignoring this information, NFCU did not conduct a reasonable reinvestigation.

61.     By neglecting to conduct a reasonable reinvestigation, NFCU violated 15 U.S.C. § 1681s-2(b).

62.     By refusing to request deletion of a tradeline based on inaccurate information, NFCU violated 15 U.S.C. § 1681s-2(b)(1)(E)(ii).

63.     As a result of the willful FCRA violations by NFCU, PLAINTIFF is entitled to an award of statutory damages.

64.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

65.     PLAINTIFF suffered the concrete injury of not having a furnisher conduct a reasonable reinvestigation, and therefore has standing for the purposes of Article III.

## DEMAND FOR JURY TRIAL

66.     Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief

in PLAINTIFF'S favor, and that judgment be entered against DEFENDANTS for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1681n/o;

(2)     For statutory damages awarded to PLAINTIFF, not to exceed $1,000 per violation

from each DEFENDANT, pursuant to 15 U.S.C. § 1681n;

(3)     For reasonable attorney fees for all services performed by counsel in connection

with the prosecution of these claims, pursuant to 15 U.S.C. § 1681 n/o;

(4)     For reimbursement for all costs and expenses incurred in connection with the

prosecution of these claims, pursuant to 15 U.S.C. § 1681 n/o; and

(5)     For any and all other relief this Court may deem appropriate.

DATED this 28th day of June, 2017

### GESUND AND PAILET, LLC

/s/ Keren E. Gesund, Esq.
Keren E. Gesund, Esq.
Louisiana Bar No. 34397
3421 N. Causeway Blvd., Suite 805
Metairie, LA  70002
Tel: (504) 836-2888
Fax: (504) 265-9492
keren@gp-nola.com
Attorney for Plaintiff